DOWELL v. The NIAGARA. See Case No. 10,221.

## Case No. 4,041a.

### DOWLIN v. STANDIFER et al.

[Hempst. 290.] [1]

Superior Court, Territory of Arkansas. Jan., 1836.

APPEAL BOND—LIABILITY OF SURETIES—DISCHARGE.

1. Where an appeal bond is conditioned to prosecute the appeal with effect, or on failure to do so to pay the debt, damages, and costs adjudged, the failure of the appellant to prosecute the appeal with effect, renders the parties liable on the bond; and, as bail in error, they become fixed, without ca. sa., or any step against the principal.

2. Bail in error are not discharged, nor is the judgment satisfied by taking the body of the principal on a ca. sa., and a plea to that effect is bad.

3. When bail become fixed, they cannot be discharged from liability, either by the surrender, bankruptcy, or arrest of the principal on a ca. sa.

4. The difference between bail to the action and bail in error is, that in the former the sureties are not fixed until ca. sa. is sued out and returned; but in the latter, no ca. sa. is necessary at all for that purpose, and they become fixed from the judgment of affirmance by the superior court.

5. Debt is the proper action on an appeal bond or recognizance, but by the common law rule, the plaintiff must sue all, if living, or one, and not an intermediate number, otherwise the defendants may plead it in abatement.

6. Although upon an appeal or writ of error, the statute requires a recognizance; yet entering into bond with security, is a substantial compliance with the statute, and the parties are liable on a bond so given.

Appeal from the Washington circuit court.

[This was a suit by Thomas Dowlin, for the use of John McPhail, against Seaborn G. Sneed and Reuben W. Reynolds, on an appeal bond.

Before JOHNSON and YELL, Judges.

YELL, Judge, delivered the opinion of the court.

This was an action of debt, instituted by Dowlin for the use of McPhail, against the defendant, upon a bond for the prosecution of an appeal from the circuit court of Washington county to this court, in which Abraham Standifer was the principal, and Sneed and Reynolds, securities. [See Case No. 13,284a.] The condition of the bond as set forth in the declaration is, to prosecute the appeal with effect, or on failure to do so to pay the debt, damages, and costs adjudged against Standifer. The present defendant Standifer failed to prosecute that appeal with effect, and the superior court gave judgment for the present plaintiff in error. This suit has been instituted upon the bond, after a failure to collect the money upon execution against Abraham Standifer. The defendants filed a special plea, in which they alleged that the taking of the body of the defendant Standifer in execution, was a full and complete satisfaction of the judgment

---

[1] [Reported by Samuel H. Hempstead, Esq.]

and a discharge of the debt, to which plea the plaintiff demurred. and issue being joined thereon, the court overruled the demurrer, and gave judgment for the defendant, from which judgment the plaintiff prayed an appeal to this court, which was granted.

Two questions are presented for the consideration of this court, in aid and support of the judgment below: 1. Was the taking of the body of Abraham Standifer in execution a release and satisfaction of the debt? 2. Was the bond sued on such an one as authorized by the statute? This cause involves questions of great importance to the country, and deserves a careful investigation by the court. The obligation sued on is called a recognizance, but is in fact a bond for the prosecution of an appeal, the condition of which is, that they will pay the debt, damages. and costs, in case the judgment of the circuit court shall be affirmed by the superior court. The present defendants are considered by the court as bail in error, and the condition of the bond pursues substantially the condition of a bond on a writ of error, namely. to pay the debt. damages, and costs awarded by the former judgments. Archb. Pr. 223. 245. In error. if the judgment be affirmed, or the writ of error be discontinued, or the plaintiff be non-prossed. the bail are liable. The issuance of the execution against Standifer, the principal. and taking him in execution, did not discharge the bail in error. When once the bail becomes fixed, their responsibility is as irrevocable and certain as that of the principal, and their liability is fixed from the affirmance of the judgment by the superior court. Bail, when once fixed, cannot be discharged from their responsibility by surrendering the principal, nor by his bankruptcy, nor even if the principal be taken on a ca. sa. Archb. Pr. 323; 2 Bos. & P. 440; 1 Term R. 624. Bail to the action, or bail alone. are not liable until a judgment and ca. sa. against the principal; and if any proceedings be had against them before the return of the ca. sa. it is error for they may surrender the principal, in discharge of their liability, at any time before final judgment, but not after their liability becomes fixed. Archb. Pr. 103. 311, 319; 8 Term R. 456. The difference in liability between bail to the action and bail in error is simply this: There is no necessity to sue out a ca. sa. against the principal, in order to proceed against bail in error; but is it not allowable to proceed against bail to the action until you sue out a ca. sa. against the principal. The liability is not fixed until the return of a ca. sa. Archb. Pr. 319. Debt is the proper action on this bond, and debt may be brought on a recognizance. When the principal and securities all enter into the recognizance, or into the bond, as in this case, the action must be brought against all, if living, or against each separately. If brought against two. without joining the rest, the defendants may plead it in abatement. Archb. Pr. 324; 2 Saund. 72; 1 Saund. 291.

The doctrine contended for, that the taking of the defendant Standifer in execution is a discharge of the debt and a release of the securities, does not apply to the facts of this case. That doctrine rests on the ground that the taking of the body in execution is upon the same debt or contract, and before the bail is fixed. Here, the execution sued out against Standifer, the principal, was upon the judgment from the circuit court, from which an appeal had been prayed to the superior court. In that appeal, Standifer entered into the bond mentioned and set forth in the declaration with Sneed and Reynolds, his securities, for the prosecution of the appeal with effect. This action is instituted on that bond, and is a new and distinct contract and cause of action from the judgment in the circuit court upon which the execution issued, and therefore that principle of law does not apply. The issuance of the capias ad satisfaciendum and taking the body of the defendant, is not such satisfaction as to bar the plaintiff from a recovery against the securities. Tidd, Pr. 958; Archb. Pr. 323. The case in 2 Bos. & P. 440. expressly decides that in error. if the plaintiff in the action have his judgment affirmed. and take in execution the body of the defendant, for the debt, damages, and costs. he does not thereby discharge the bail in error.

The second point made by the defendants relates to the legality of the bond, and they contend that a recognizance is the only security allowed by the statute to be taken on an appeal or writ of error. It is true that the statute requires the appellant, who was plaintiff below, to enter into a recognizance, with one or more securities, in a sum sufficient to cover the costs in the inferior and superior court, conditioned to prosecute his appeal, and, where the appellant was defendant below, to enter into a recognizance, with one or more securities. in a sum sufficient to cover the amount for which judgment has been given, together with the costs that have accrued, or that may accrue, by reason of such appeal. Ter. Dig. 334. The court have no doubt that a recognizance is the mode pointed out by the statute; but it does not preclude the mode here adopted, nor does it avoid the appeal or discharge the securities in the appeal bond. Though it is not a strict compliance with the statute, yet the securities having bound themselves. in a bond substantially good, cannot take advantage of their own act to defeat a recovery upon it. Having subscribed the bond, in lieu of a recognizance, we are disposed to enforce its collection, especially as the statute requiring a recognizance does not preclude the party from entering into bond with security. as was done in this case. No possible evil can result from sustaining the bond, as the suit is no more expensive,

nor the defence less ample, than upon sci. fa. upon recognizance. We cannot, therefore, enforce the strict rule, as contended for by defendant's counsel; and, as we consider the bond valid, the action well brought upon it, and the plea bad, we hold that the demurrer should have been sustained. Judgment reversed.